IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY WICKENKAMP

        Plaintiff,

2:15-CV-296-PK

OPINION AND ORDER

v.

HOSTETTER LAW GROUP, LLP, HOSTETTER
KNAPP LLP, D. ZACHARY HOSTETTER, D.
RAHN HOSTETTER, BRUCE HAMPTON,
VENESE HAMPTON, KEVIN SALI, DAVID
ANGELI, BENJAMIN N. SOUEDE, MARILYN
PRESTON SUAREZ, EFRAIN SUAREZ, and
AMERICAN BANK OF MISSOURI,

        Defendants.

PAPAK, Magistrate Judge:

        Plaintiff *pro se* Mary Wickenkamp filed this action against defendants the Hostetter Law Group, LLP ("HJG"), Hostetter Knapp LLP ("HK"), D. Zachary Hostetter ("Zachary"), D. Rahn Hostetter ("Rahn"), Bruce Hampton ("Bruce"), Venese Hampton ("Venese" and, collectively with

Page 1 - OPINION AND ORDER

Bruce, the "Hamptons"), Kevin Sali, and David Angeli on February 19, 2015. Wickenkamp amended her complaint effective April 10, 2015, adding as additional defendants Benjamin N. Souede, Marilyn Preston Suarez ("Marilyn"), Efrain Suarez ("Efrain"), and the American Bank of Missouri ("ABM"). Wickenkamp amended her complaint a second time effective May 4, 2015. By and through her second amended complaint, Wickenkamp alleges the liability of defendants Rahn, Zachary, Knapp, and the Hamptons to Lloyd Trackwell, Sr. ("Lloyd"), under Oregon common law for defamation, the liability of defendants Rahn, Zachary, Knapp, and the Hamptons to Lloyd under Oregon common law for invasion of privacy in two separately pled claims, the liability of defendants Rahn, Zachary, Knapp, and the Hamptons to Lloyd under Oregon common law for intentional interference with economic relations, the liability of defendants Zachary, the Hamptons, and HLG to Lloyd under Oregon common law for breach of contract, the liability of defendants Zachary and HLG to Lloyd under Or. Rev. Stat. 646.608 for unfair business practices, the liability of defendants Zachary, Knapp, Sali, Angeli, and Souede to Lloyd under Or. Rev. Stat. 646.608 for unfair business practices in a second, separately pled Section 646.608 claim, the liability of defendants Zachary, Knapp, Sali, Angeli, Souede, HK, HLG, and the Hamptons to Lloyd under Oregon common law for wrongful initiation of civil litigation, the liability of defendants Zachary, Knapp, HK, HLG, and the Hamptons to Lloyd under Oregon common law for wrongful initiation of civil litigation in a second, separately pled wrongful initiation claim, the liability of defendants the Hamptons, Zachary, and HK to Judith Trackwell ("Judith" and, collectively with Lloyd, the "Trackwells") under Oregon common law for abuse of process, the liability of defendants the Hamptons, Zachary, and HK to Judith under Or. Rev. Stat. 646.608 for unfair business practices in a third, separately pled Section 646.608

claim, the liability of defendants Zachary, Knapp, HLG, Angeli, Souede, and Sali to Judith under Or. Rev. Stat. 646.608 for unfair business practices in a fourth, separately pled Section 646.608 claim, the liability of defendants Zachary, Knapp, HK, HLG, Angeli, Souede, and Sali to Judith under Or. Rev. Stat. 646.608 for unfair business practices in a fifth, separately pled Section 646.608 claim, the liability of defendant ABM to Lloyd under Oregon common law for breach of the implied covenant of good faith and fair dealing, the liability of defendants Marilyn, Efrain, and the Hamptons to Colin Lindsey under Oregon common law for breach of contract in a second, separately pled breach of contract claim, the liability of defendants Rahn, Bruce, and Marilyn to Lloyd under 18 U.S.C. § 1961 for racketeering activity, and the liability of defendants Zachary, Venese, and Knapp to Lloyd under 18 U.S.C. § 1961 for racketeering activity in a second, separately pled Section 1961 claim.[1] Wickenkamp further alleges that Lloyd is Lindsey's assignee for purposes of her second breach of contract claim, and that she is the Trackwells' assignee for purposes of all claims asserted herein and therefore the real party in interest with standing to bring her claims. In support of her position that she is the real party in interest, Wickenkamp attaches as an exhibit to her second amended complaint a document styled as an "Assignment of Claim" signed by Lindsey and Lloyd and purporting to assign "all right, title, and interest in any and all claim or claims Lindsey may have" against, *inter alia*, Marilyn, Efrain, and/or the Hamptons, a document styled as an "Assignment of Interest" signed by Lloyd and

---

[1] Wickenkamp's allegations suggest that she may have intended to allege her invasion of privacy claims and intentional interference claim additionally against Scott Hampton, and her second Section 1961 racketeering claim additionally against Scott Hampton and Melanie Micka, but as neither Scott Hampton nor Melanie Micka is listed as a defendant in the caption of Wickenkamp's complaint or described therein as a party, I do not construe those claims as though effectively stated against Scott Hampton and/or Melanie Micka.

Page 3 - OPINION AND ORDER

purporting to assign "all right title and interest" in claims arising out of Lloyd's contract dispute with ABM and/or all claims transferred to Lloyd by Lindsey to Wickenkamp, and a document styled as an "Assignment of Claims" signed by the Trackwells and purporting to assign "all right title and interest" in any claim possessed by the Trackwells' bankruptcy estate to Wickenkamp "in order that she may prosecute and recover all such claims for the benefit of the [Trackwells'] bankruptcy estate and remit the proceeds of such claims to said estate." The Assignment of Claims recites no consideration tendered by Wickenkamp to the Trackwells in exchange for such assignment. Wickenkamp seeks damages in an unspecified amount. This court has jurisdiction over Wickenkamp's federal claims pursuant to 28 U.S.C. § 1331, and Wickenkamp impliedly takes the position that this court may properly exercise supplemental jurisdiction over her state-law claims pursuant to 28 U.S.C. § 1367.[2] I make no finding at this time regarding whether this court may properly exercise supplemental jurisdiction over Wickenkamp's state-law claims.

Now before the court is Wickenkamp's motion (#25) for an order permitting her to utilize a method for service of process not authorized under Federal Civil Procedure Rule 4(e) or, in the alternative, an order asserting personal jurisdiction over the Hamptons pursuant to Federal Civil Procedure Rule 4(n)(2) by seizing real property the Hamptons purportedly own in Oregon. I have considered the motion and all of the pleadings and papers on file. For the reasons set forth below, Wickenkamp's motion is denied with leave to refile as discussed below.

---

[2] Wickenkamp additionally asserts that this court has jurisdiction over her claims pursuant to 28 U.S.C. § 1332, based on the complete diversity of the parties and the amount in controversy, but I note both that Wickenkamp does not assert a right to any specified amount of monetary damages and that Wickenkamp's assignor Judith is alleged to be a citizen of Missouri, the state under the laws of which defendant ABM is incorporated and in which ABM maintains its headquarters. *See* 28 U.S.C. §§ 1332, 1359. I therefore make no finding at this time as to whether this court may properly exercise diversity jurisdiction over Wickenkamp's claims.

## LEGAL STANDARD

### I. Alternate Service of Process

Service of an individual located within any judicial district of the united States is governed by Federal Civil Procedure Rule 4(e). Rule 4(e) provides as follows:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). The provisions of Rule 4 are intended "to provide maximum freedom and flexibility in the procedures for giving all defendants . . . notice of commencement of [an] action [against them] and to eliminate unnecessary technicality in connection with service of process." *Elec. Specialty Co. v. Road & Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992) (citation omitted). Constitutional due process requires that any service of notice be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Rule 4(e) does not expressly countenance any other means of

service upon an individual located within the Untied States.

Oregon's rules governing service of process are codified at Oregon Civil Procedure Rule 7D. Oregon Civil Procedure Rule 7D(6)(a) provides as follows:

> On motion upon a showing by affidavit or declaration that service cannot be made by any method otherwise specified in these rules or other rule or statute, the court, at its discretion, may order service by any method or combination of methods which under the circumstances is most reasonably calculated to apprise the defendant of the existence and pendency of the action, including but not limited to: publication of summons; mailing without publication to a specified post office address of the defendant by first class mail and any of the following: certified, registered, or express mail, return receipt requested; or posting at specified locations. If service is ordered by any manner other than publication, the court may order a time for response.

Or. R. Civ. P. 7D(6)(a).

## II. *In Rem* and Quasi-*in-Rem* Jurisdiction

Federal Civil Procedure Rule 4(n)(2) provides as follows:

> On a showing that personal jurisdiction over a defendant cannot be obtained in the district where the action is brought by reasonable efforts to serve a summons under this rule, the court may assert jurisdiction over the defendant's assets found in the district. Jurisdiction is acquired by seizing the assets under the circumstances and in the manner provided by state law in that district.

Fed. R. Civ. P. 4(n)(2). The circumstances under which Oregon law provides for assertion of jurisdiction over a defendant through attachment of the defendant's property are governed by Oregon Civil Procedure Rule 84. Oregon's Rule 84 provides, in relevant part, as follows:

> The plaintiff, at the time of issuing the summons or any time afterwards, may have the property of the defendant attached, as security for the satisfaction of any judgment that may be recovered, in the following cases:
>
> (a) An action upon a contract, expressed or implied, for the direct payment of money, when the contract is not secured by mortgage, lien, or pledge, or when it is so secured but such security has been rendered nugatory by act of the defendant.

(b) An action against a defendant not residing in this state to recover a sum of money as damages for breach of any contract, expressed or implied, other than a contract of marriage.

(c) An action against a defendant not residing in this state to recover a sum of money as damages for injury to property in this state.

Or. R. Civ. P. 84A(2). To obtain an order for provisional process through attachment of property under Oregon law, it is the plaintiff's burden to "file[] with the clerk of the court from which such process is sought" evidence sufficient to establish "that the action is one in which provisional process may issue" and good cause for its issuance. Or. R. Civ. P. 83A.

The notes of the Advisory Committee in connection with the 1993 amendment of Rule 4(n) provide as follows:

> This subdivision provides for in rem and quasi-in-rem jurisdiction. Paragraph (1) incorporates any requirements of 28 U.S.C. §1655 or similar provisions bearing on seizures or liens.
>
> **Paragraph (2) provides for other uses of quasi-in-rem jurisdiction but limits its use to exigent circumstances.** Provisional remedies may be employed as a means to secure jurisdiction over the property of a defendant whose person is not within reach of the court, but **occasions for the use of this provision should be rare, as where the defendant is a fugitive or assets are in imminent danger of disappearing.** Until 1963, it was not possible under Rule 4 to assert jurisdiction in a federal court over the property of a defendant not personally served. The 1963 amendment to subdivision (e) authorized the use of state law procedures authorizing seizures of assets as a basis for jurisdiction. Given the liberal availability of long-arm jurisdiction, the exercise of power quasi-in-rem has become almost an anachronism. Circumstances too spare to affiliate the defendant to the forum state sufficiently to support long-arm jurisdiction over the defendant's person are also inadequate to support seizure of the defendant's assets fortuitously found within the state. *Shaffer v. Heitner*, 433 U.S. 186 (1977).

Fed. R. Civ. P. 4, Comments to 1993 Amendments. *Schaffer v. Heitner*, 433 U.S. 186 (1977), in turn, stands for the proposition that "in order to justify an exercise of jurisdiction in rem, the basis for jurisdiction must be sufficient to justify exercising jurisdiction over the interests of

Page 7 - OPINION AND ORDER

persons in a thing." *Schaffer*, 433 U.S. at 207 (internal quotation marks, footnote omitted). "The standard for determining whether an exercise of jurisdiction over the interests of persons is consistent with the Due Process Clause is the minimum-contacts standard elucidated in *International Shoe* [*Co. v. Wash.*, 326 U.S. 310 (1945)]." *Id.*

Under *International Shoe* and its progeny, to be subject to the personal jurisdiction of a federal court, a nonresident defendant must have at least "'minimum contacts'" with the court's forum state such that "the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004), *quoting International Shoe*, 326 U.S. at 316. Two forms of personal jurisdiction are available for application to a nonresident defendant: general personal jurisdiction and specific personal jurisdiction. Here, Wickenkamp alleges that the Hamptons are residents of the State of Washington but offers evidence tending to establish that they own real property in Oregon. Wickenkamp makes no argument or allegation that this court could properly exercise specific personal jurisdiction over either of the Hamptons.

"For general jurisdiction to exist over a nonresident defendant . . . , the defendant must engage in continuous and systematic general business contacts . . . that approximate physical presence in the forum state." *Schwarzenegger*, 374 F.3d at 801, *quoting Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984) and *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000). "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Id., citing Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986).

Page 8 - OPINION AND ORDER

## ANALYSIS

Wickenkamp moves the court for leave to effect service of process on the Hamptons through serving a copy of the summons and copies of the original and amended complaints in this action "by mailing same by regular mail with proof of delivery, signature not required," to a Post Office Box she believes the Hamptons maintain in Joseph, Oregon. In the alternative, Wickenkamp moves that the court assert personal jurisdiction over the Hamptons by seizing real property they own in Oregon.

In support of her motion, Wickenkamp offers evidence tending to establish that she has not attempted service by mail upon the Hamptons at their primary residence because she "believed that such attempts would be futile" based on her failure to effect service in that manner in previous litigation against the Hamptons. Wickenkamp further offers her declaration that she attempted to effect personal service on the Hamptons through the efforts of the Wallowa County Sheriff's Office, but that these efforts were unsuccessful. Wickenkamp takes the position that the Hamptons "deliberately manipulate the addresses in filings required by law in order to avoid disclosing an address where they can avoid service by mail and personal service of process." Wickenkamp offers no further evidence, argument, or allegation that alternate service of process could appropriately be granted under Rule 4(e) and/or Oregon Civil Procedure Rule 7D(6)(a) or that seizure of the Wikstroms' Oregon property could be appropriate under Rule 4(n)(2).

As to Wickenkamp's request for alternate service of process under Rule 4(e), I note that her own evidentiary proffer establishes that she has not attempted service by mail upon the Hamptons at their primary residence, based on her untested belief that to do so would be futile. Wickenkamp's untested belief that service by mail would be futile is insufficient to establish that

service cannot be made on the Hamptons by an expressly authorized method of service. In consequence, Wickenkamp has not met her burden to establish that this court has authority to grant her request for alternate service of process under Rule 4(e).

As to Wickenkamp's request for seizure of the Hamptons' Oregon real property under Rule 4(n)(2), her proffer is similarly insufficient. First, I note that Wickenkamp has made no showing that she has complied with the procedures for obtaining an order effecting attachment of property set forth at Oregon Civil Procedure Rule 83.

Second, Wickenkamp's proffer falls well short of establishing that the "exigent circumstances" requisite to seizure under Rule 4(n)(2) are present here. There is no allegation, evidence, or other suggestion that the Hamptons are fugitives or that assets within the scope of Wickenklamp's claims are in imminent danger of disappearing. Absent such circumstances, no grounds exist for the invocation of the asset-seizure provision.

Third, Wickenkamp's proffer similarly falls short of establishing that this court may properly exercise general personal jurisdiction over either of the Hamptons. Wickenkamp alleges that the Hamptons are Washington citizens, and offers no allegation, evidence, or other suggestion that either Hampton has at any material time engaged in continuous and systematic general business contacts sufficient to approximate physical presence in Oregon. Absent grounds for the exercise of personal jurisdiction over the Hamptons, this court is without authority to seize their Oregon property under Rule 4(n)(2).

Because Wickenkamp has failed to meet her burden to establish either that this court may properly authorize alternate service of process under Rule 4(e) or that this court may properly seize the Hamptons' Oregon property under Federal Civil Procedure Rule 4(n)(2), her motion is

Page 10 - OPINION AND ORDER

denied with leave to refile in the event Wickenkamp believes in good faith that she can cure the procedural and substantive defects identified herein.

## CONCLUSION

For the reasons set forth above, Wickenkamp's motion (#25) for an order permitting her to utilize a method for service of process not authorized under Federal Civil Procedure Rule 4(e) or, in the alternative, an order asserting personal jurisdiction over the Hamptons pursuant to Federal Civil Procedure Rule 4(n)(2) by seizing real property the Hamptons purportedly own in Oregon is denied with leave to refile as discussed above.

Dated this 8th day of June, 2015.

Honorable Paul Papak
United States Magistrate Judge