IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY WICKENKAMP

        Plaintiff,

                                          2:15-CV-296-PK

                                          OPNION AND
v.                                      ORDER

HOSTETTER LAW GROUP, LLP, HOSTETTER
KNAPP LLP, D. ZACHARY HOSTETTER, D.
RAHN HOSTETTER, BRUCE HAMPTON,
VENESE HAMPTON, KEVIN SALI, DAVID
ANGELI, REBECCA KNAPP, BENJAMIN N.
SOUEDE, SCOTT HAMPTON, and ANGELI
LAW GROUP,

        Defendants.

_____

PAPAK, Magistrate Judge:

        Plaintiff pro se Mary Wickenkamp filed this action against the Hostetter Law Group, LLP

("HLG"), Hostetter Knapp LLP ("HK"), D. Zachary Hostetter ("Zachary"), D. Rahn Hostetter

("Rahn" and, collectively with Zachary, the "Hostetters"), Bruce Hampton ("Bruce"), Venese

Hampton ("Venese"), Kevin Sali, and David Angeli on February 19, 2015.  Wickenkamp

amended her complaint effective April 10, 2015, adding as additional defendants Rebecca

Page 1 - OPINION AND ORDER

Knapp, Benjamin N. Souede, Marilyn Preston Suarez ("Marilyn"), Efrain Suarez ("Efrain" and,

collectively with Marilyn, the "Suarezes"), and the American Bank of Missouri ("ABM").

Wickenkamp amended her complaint a second time on May 4, 2015.

On December 3, 2015, I recommended that all of Wickenkamp's claims be dismissed,

certain of them with prejudice and certain of them without, and further recommended both that

Wickenkamp be directed to amend her pleading as to any of her claims as to which she believed

the identified deficiencies were subject to cure by amendment to restate those claims in a manner

compliant with Rule 8 and all other applicable pleading requirements within thirty days and to

effect service on any defendant named in any such restated claim who had not yet been served

with process herein within thirty days after filing such third amended complaint and that

Wickenkamp be advised (i) that should she fail to comply with Rule 8 or other applicable

pleading requirements in drafting her third amended complaint, any claims alleged in a

noncompliant manner would be subject to dismissal with prejudice, and (ii) that should she fail

to serve any named defendant with process within the prescribed time period, her claims would

be subject to dismissal with prejudice to the extent alleged against any unserved defendant. On

January 31, 2016, Judge Hernandez adopted my recommendations without modification.

On March 2, 2016, Wickenkamp moved for extension of time within which to file her

contemplated third amended complaint to March 7, 2016, and on March 7, 2016, she filed her

third amended complaint, abandoning her claims to the extent alleged against the Suarezes and

ABM, and adding as new defendants Scott Hampton ("Scott" and, collectively with Bruce and

Vanese, the"Hamptons") and the Angeli Law Group ("ALG" and, collectively with Angeli, Sali,

and Souede, the "ALG defendants"). By and through her third amended complaint, Wickenkamp

Page 2 - OPINION AND ORDER

alleges (i) the liability of defendants Bruce, Vanese, Knapp, Zachary, HK, HLG, and the ALG defendants under Oregon common law for invasion of privacy by false light arising out of allegations made by Bruce and Vanese by and through Knapp, Zachary, HK, HLG, and the ALG defendants in their capacities as Bruce and Vanese's legal representatives in the course of litigation against various third parties to this lawsuit, and (ii) the liability of the Hamptons, Knapp, the Hostetters, HK, and HLG under Oregon common law for invasion of privacy by intrusion upon seclusion arising out of those defendants' conduct in recording telephone conversations between plaintiff and her husband.  Wickenkamp seeks award of economic, non-economic, and punitive damages in unspecified amounts.  On April 5, 2016, I granted Wickenkamp's motion for extension of time *nunc pro tunc* and deemed her third amended complaint timely filed as of March 7, 2016.

Zachary and HLG moved to dismiss Wickenkamp's claims as set forth in her third amended complaint on April 6, 2016, and Angeli and Sali moved to dismiss Wickenkamp's claims against them on April 11, 2016.  On April 19, 2016, Wickenkamp requested a fourteen-day extension of the time for filing her response to the two pending motions to dismiss her claims, and on April 20, 2016, I granted her motion, directing her to file her responsive briefing by not later than May 9, 2016.  On May 9, 2016, rather than file responsive briefing, Wickenkamp moved the court for further extension of the time for filing her responses to the pending dismissal motions to May 11, 2016 (inaccurately characterizing her motion as unopposed).  On May 10, 2016, I granted Wickenkamp's motion for further extension of the deadline, directing her to file her responsive briefing by not later than May 11, 2016, and expressly advising Wickenkamp and the other parties that "[n]o further extensions to the

dismissal motions briefing schedule w[ould] be allowed." On May 11, 2016, rather than file

responsive briefing, Wickenkamp moved the court for yet further extension of the time for filing

her response to the pending dismissal motions to May 16, 2016. Notwithstanding my previous

notice to the parties that the briefing schedule would not be further extended, I granted the

motion in part and extended Wickenkamp's responsive briefing deadline to May 13, 2016,

emphasizing that "Plaintiff's responses to all dismissal motions must be filed no later than

5/13/2016" (emphasis original) and expressly reiterating that "The court will not entertain any

further extension requests or late submissions." Wickenkamp did not file responsive briefing by

May 13, 2016, as ordered, but rather delayed until May 19, 2016 and May 22, 2016, before filing

such briefing, moving (#99, 112) that her responsive briefing be deemed timely filed *nunc pro*

*tunc*. On May 25, 2016, I denied Wickenkamp's motions to deem her responsive briefing timely

filed.

Notwithstanding the denial of Wickenkamp's motions that her responsive briefing be

deemed timely filed, on May 27, 2016, both Zachary and HLG and Angeli and Sali filed reply

memoranda in support of their respective motions.

I now reconsider *sua sponte* my order (#124) dated May 25, 2016. In light of the fact that

the moving defendants filed reply memoranda in support of their pending motions to dismiss,

and in the interest of ensuring that Wickenkamp be heard prior to disposition of those motions, it

would by just to deem Wickenkamp's responsive briefing (and associated evidence) timely filed.

I therefore reverse that order, and grant each of Wickenkamp's motions (#99, 112) that her

briefing be deemed timely filed *nunc pro tunc*. In consequence, Wickenkamp's responsive

briefing (#105, 113) and associated evidence (#104, 120, 121) are deemed timely and may be

Page 4 - OPINION AND ORDER

considered by the court in connection with the pending dispositive motions.  The court may

likewise properly consider the moving defendants' reply memoranda (#125, 126).

## CONCLUSION

For the reasons set forth above, I reverse my order (#124) dated May 25, 2016, and

Wickenkamp's motions (#99, 112) that her briefing be deemed timely filed *nunc pro tunc* are

granted.


Dated this 14th day of July, 2016.

Honorable Paul Papak
United States Magistrate Judge